## POLICE JURY vs. BOISSIER.

APPEAL from the court of the sixth district, the judge of the seventh presiding.

PORTER, J. delivered the opinion of the court. In this case, the plaintiffs claim damages from the defendant for an alleged failure on his part in constructing a building, in pursuance of a written agreement, entered into between the parties. The cause was submitted to a jury, in the court below, who found a verdict in favor of the plaintiffs, and from a judgment thereon rendered, the defendant appealed.

A petition, claiming damages for the defendant's failure to complete a building, according to a written agreement, may be amended by a demand, under the legal warranty resulting from the defendant's undertaking.

The petition sets forth the written agreement, alleges a want of just and honest compliance, on the part of the defendant, with the obligations imposed on him by the contract, and prays for remuneration in damages, for the injury they have suffered, in consequence of his misconduct. After the defendant had filed his answer to this petition, the plaintiffs obtained leave to put in an amendment thereto, in which they allege, that he is liable, on an implied warranty; imposed by law on all undertakers of buildings, that their

works should be faithfully executed. This amended petition is objected to, on the ground that it exhibits a new cause of action, and an exception was taken to the opinion of the judge *a quo*, by which he permitted the amendment.

We do not think the judge erred. The nature of the action does not appear to have been changed. It is one instituted to recover damages, in compensation of an injury, which the plaintiffs allege they have suffered, in consequence of the failure on the part of the appellant, faithfully to fulfil his obligation resulting from his contract; and whether this liability be fixed on him by special agreement, or by the warranty in such cases, created by law, makes no difference in the nature of the action.

As to the merits of the case, they seem to depend entirely on matters of fact; to these the jury have answered, and we are unable to discover any thing in the evidence, which authorises a conclusion, that their verdict is erroneous.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Rost* for the plaintiffs, *Dunn* for the defendant.